FILED

8/26/2019

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

|  |  |
|---|---|
| DANIEL B. BURNETT and<br>RHONDA BURNETT,<br><br>                   Plaintiffs,<br><br>vs.<br><br>PACIFICSOURCE HEALTH PLANS,<br>TERESA SMITH, ADVANCED<br>MEDICAL REVIEWS, LLC, and<br>JOHN DOE,<br><br>                   Defendants. | No. CV 19-45-H-SEH<br><br>ORDER |

## INTRODUCTION

Pending before the Court are: (1) Plaintiffs' Motion for Remand;[1] (2) Defendants PacificSource Health Plans' and Teresa Smith's Motion to Dismiss Claims of Rhonda Burnett;[2] and (3) Defendant Teresa Smith's Motion for

---

[1] Doc. 12.

[2] Doc. 15.

1

Summary Judgment.³ The motion to remand will be addressed first.

Plaintiffs Daniel and Rhonda Burnett filed this action against Defendants PacificSource Health Plans ("PacificSource"), Teresa Smith, Advanced Medical Reviews, LLC, and John Doe (collectively "Defendants") in the Montana Eighth Judicial District Court, Cascade County, on May 30, 2019. Five claims were asserted: (1) breach of contract; (2) insurance bad faith under Mont. Code Ann. § 33-18-242; (3) insurance bad faith against Smith under § 33-18-201; (4) tortious conduct and bad faith; and (5) interference with contract.⁴

Defendants removed to this Court on July 2, 2019, asserting that Smith, the sole non-diverse party, was fraudulently joined to defeat diversity jurisdiction and prevent removal.⁵ Plaintiffs moved to remand on July 12, 2019, alleging improper removal for lack of diversity.⁶

## BACKGROUND

The Complaint alleges PacificSource improperly denied Daniel Burnett's request as "a qualified policyholder of a PacificSource Health Plan"⁷ to

---

³ Doc. 3.

⁴ *See* Doc. 11.

⁵ *See* Doc. 1 at ¶ 9.

⁶ *See* Doc. 12.

⁷ Doc. 11 at ¶ 1.

2

preapprove a covered surgical procedure.[8] Plaintiffs also allege that "PacificSource has refused to allow and pay for the surgery recommended . . . and the follow-up medical care, claiming the surgery is not medically necessary . . . ."[9]

In May 2019—some nine months after PacificSource denied Daniel Burnett's claim, and approximately ten days before the Complaint was filed—the Complaint asserts "Plaintiffs contacted Teresa Smith, an employee of PacificSource,"[10] and that Smith "refused to pay claims without conducting a reasonable investigation . . . and neglected to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."[11]

## DISCUSSION

### I. Motion to Remand

A defendant may remove an action from state court only if the action could have been brought in the federal district court originally.[12] Removal on diversity

---

[8] *See* Doc. 11 at ¶ 8.

[9] Doc. 11 at ¶ 8.

[10] Doc. 11 at ¶ 21. Defendants allege in their Notice of Removal that Smith "worked in the customer service department, answering general questions about members' coverage under applicable health plans." Doc. 1 at ¶ 17.

[11] Doc. 11 at ¶ 23.

[12] *See* 28 U.S.C. § 1441(a); *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989).

grounds requires complete diversity of citizenship.[13] Each plaintiff, with few exceptions, must be diverse from each defendant.[14] "However, if, viewing the facts most favorably towards the plaintiff, 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent' and the defendant may be disregarded for the purpose of determining diversity jurisdiction."[15]

"[T]he party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'"[16] If there is doubt about the right to remove, the case should be remanded to state court.[17]

The issue here is whether, under Montana law, Plaintiffs have pleaded a claim for which Smith could face liability. The Complaint alleges that Smith

---

[13] *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

[14] *Morris*, 236 F.3d at 1067.

[15] *Isaacs v. Broido*, 358 F. App'x. 874, 876 (9th Cir. 2009) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

[16] *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

[17] *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

committed statutory bad faith by violating Mont. Code Ann. § 33–18–201 (4) and (6).[18] Defendants respond that the Complaint fails to state a cause of action against Smith.[19] Defendants are correct.

Montana's Unfair Trade Practices Act ("UTPA") regulates the conduct of insurers.[20] Section 33–18–242 permits an action against an insurer for, *inter alia*, violation of § 33–18–201(4) and (6). Section 33–18–201(4) prohibits a carrier from refusing to pay claims without conducting a reasonable investigation based upon all available information.[21] Section 33–18–201(6) prohibits neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.[22]

Montana courts have recognized claims against individuals, as well as insurers, under § 33–18–201.[23] Claims against individuals require, however, that the named defendant commit the unfair trade practice "with such frequency as to

---

[18] *See* Doc. 11 at ¶ 23.

[19] *See* Doc. 1 at ¶ 21.

[20] *See* Mont. Code Ann. § 33–18–201 (2019).

[21] *See* Mont. Code Ann. § 33–18–201(4) (2019).

[22] *See* Mont. Code Ann. § 33–18–201(6) (2019).

[23] *See O'Fallon v. Farmers Ins. Exch.*, 859 P.2d 1008, 1014 (Mont. 1993).

5

indicate a general business practice."[24] Violations indicating a general business practice can be established by showing that multiple violations occurred in one claim or that multiple violations occurred by the same company in different cases.[25]

Here, the Complaint alleges that Smith acted "with such frequency as to indicate a general business practice."[26] However, "[a] single instance of alleged wrongdoing by [Smith] is insufficient to support an inference that her conduct was 'of such frequency as to indicate a general business practice . . . .' Such an inference could reasonably be inferred as to a corporation in the business of insurance or claims adjusting, *See Soanes*,[27] but not as to an individual employee of [PacificSource] acting within the scope of her employment"[28] as a customer service representative.

---

[24] *Strizic v. Nw. Corp.*, 2015 WL 1275404, at *2 (D. Mont. Mar. 19, 2015) (quoting Mont. Code Ann. § 33–18–201).

[25] *Leaphart v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2016 WL 81234, at *2 (D. Mont. Jan. 7, 2016) (citing *Cook v. Principal Mut. Life Ins. Co.*, 784 F. Supp. 1513, 1518 (D. Mont. 1990)).

[26] Doc. 11 at ¶ 23.

[27] *Soanes v. Carolina Cas. Ins. Co.*, 2010 WL 5607045 (D. Mont. 2010).

[28] *Strizic*, 2015 WL 1275404, at *2 (quoting Mont. Code Ann. § 33–18–201).

Generally, under Montana law, a corporation's employees and agents are "shielded from personal liability for acts taken on behalf of the corporation."[29] However, an agent may be held personally liable where "the agent was personally negligent or that the agent's actions were tortious in nature."[30] There is no "bright line between tortious conduct committed by a corporate agent which subjects him to personal liability, and conduct which may cause another party damage, but is nonetheless not actionable in a personal sense due to the corporate presence."[31] Actions that "are motivated and taken in the furtherance of corporate purposes, policies and interests" are usually protected by the corporate shield doctrine.[32] Personal liability may attach if: (1) a tort is committed "for private benefit, or because of personal feelings and purposes relative to a third party;"[33] (2) where there is malice,[34] or (3) if the action was taken "with the intent to harm the

---

[29] *Sherner v. Nat'l Loss Control Servs. Corp.*, 124 P.3d 150, 155 (Mont. 2005) (quoting *Crystal Springs Trout Co. v. First State Bank of Froid*, 732 P.2d 819, 823 (Mont. 1987)).

[30] *Id.*

[31] *Ammondson v. Nw. Corp.*, 220 P.3d 1, 22 (Mont. 2009).

[32] *Phillips v. Mont. Educ. Ass'n*, 610 P.2d 154, 158 (Mont. 1980); *see also Bottrell v. Am. Bank*, 773 P.2d 694, 708–09 (Mont. 1989).

[33] *Phillips*, 610 P.2d at 158.

[34] *Phillips*, 610 P.2d at 158 (finding that employees of corporation whose actions were within scope of their employment, designed without malice, and in furtherance of corporate interests were shielded from personal liability).

plaintiff."[35] Knowing, active involvement in tortious conduct also may give rise to personal liability.[36]

In this case, it is undisputed that Smith was an employee of PacificSource.[37] No allegation supports any exception to the corporate shield.

This case is grounded in PacificSource's partial denial of a preauthorization request for Burnett's surgery. That process, including Burnett's appeals, was completed prior to Plaintiffs speaking with Smith.[38] The Complaint does not state any fact from which the Court could infer that Smith's acts were outside the scope of her employment, that Smith's acts were of such frequency as to indicate general business practice, or that Smith's acts were for her "own pecuniary benefit and against the best interests of the corporation."[39] Plaintiffs' assertion that Smith acted "with such frequency as to indicate a general business practice"[40] is insufficient to reasonably infer any fact that would support a claim for which

---

[35] *Phillips*, 610 P.2d at 158 (citations omitted).

[36] *See Castro v. ExxonMobil Oil Corp.*, 2012 WL 523635, *3 (D. Mont. Feb. 16, 2012); *Williams v. DeVinney*, 856 P.2d 546, 550 (Mont. 1993).

[37] *See* Doc. 18 at ¶ 20.

[38] *See* Doc. 11 at ¶¶ 8–9.

[39] *Kuhns v. Scott*, 853 P.2d 1200, 1204 (Mont. 1993) (citation omitted).

[40] Doc. 11 at ¶ 23.

8

Smith—an employee of a corporation who is otherwise protected from suit by Montana public policy—could face liability.

Defendants' Notice of Removal[41] contains adequate factual allegations supporting fraudulent joinder. Facts sufficient to state an independent claim for relief against Smith are not well-pleaded. Diversity, absent Smith, is complete. Removal was proper. Plaintiffs' Motion for Remand[42] is denied.

## II. Motion to Dismiss

Plaintiffs allege Rhonda Burnett suffered loss of consortium as a part of bad faith claims asserted.[43] Defendants assert that the Complaint fails to satisfy necessary pleading standards for a loss of consortium claim.[44]

Federal Rule of Civil Procedure 8(a)(2) requires a pleading "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"[45] Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[46] "To survive a motion to

---

[41] Doc. 1.

[42] Doc. 12.

[43] *See* Doc. 11 at ¶¶ 17, 24.

[44] *See* Doc. 16.

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

[46] *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

9

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[47] A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[48] In considering the motion, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party."[49] However, a court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.[50]

"Montana allows loss of consortium claims by a husband or wife whose spouse has been killed or injured."[51] While loss of consortium claims are derivative in nature, they are independent claims, and thus require a factual basis in support.[52]

---

[47] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[48] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[49] *Fleming v Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).

[50] *See Sprewell v. Golden St. Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

[51] *Bear Med. v. United States*, 192 F. Supp. 2d 1053, 1067 (D. Mont. 2002)

[52] *See Keele v. St. Vincent Hosp. & Health Care Ctr.*, 852 P.2d 574, 577 (Mont. 1993); *see also Gunning v. Gen. Motors Corp.*, 779 P.2d 64, 66 (Mont. 1989) (citing *Bain v. Gleason*, 726 P.2d 1153 (Mont. 1986)).

Here, Plaintiffs failed to allege any facts regarding Rhonda Burnett's claimed loss of consortium. The bare conclusion that "PacificSource is liable for all tort damages, including . . . loss of consortium suffered by Rhonda"[53] is insufficient. Plaintiffs have failed "to state a claim to relief that is plausible on its face."[54] Dismissal under Rule 12(b)(6) is appropriate.

ORDERED:

1. Plaintiffs' Motion for Remand[55] is DENIED. Defendant Teresa Smith is DISMISSED without prejudice.

2. Defendants PacificSource Health Plans' and Teresa Smith's Motion to Dismiss Claims of Rhonda Burnett[56] is GRANTED.

3. Plaintiff Rhonda Burnett's claimed loss of consortium is DISMISSED WITHOUT PREJUDICE.

4. Defendant Teresa Smith's Motion for Summary Judgment[57] is DENIED as MOOT.

---

[53] Doc. 11 at ¶ 17.

[54] *Twombly*, 550 U.S. at 570.

[55] Doc. 12.

[56] Doc. 15.

[57] Doc. 3.

The caption will be amended to reflect the dismissal of Teresa Smith.

DATED this 26th day of August, 2019.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge