IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

DANIEL B. BURNETT and
RHONDA BURNETT,

                Plaintiffs,

vs.

PACIFICSOURCE HEALTH PLANS,
ADVANCED MEDICAL REVIEWS,
LLC, and JOHN DOE,

                Defendants.

No. CV 19-45-H-SEH

ORDER

Pending before the Court is Defendant PacificSource Health Plans' Motion to Dismiss Common Law Tort Claim of Bad Faith[1] under Fed. R. Civ. P. 12(b)(6), by which Defendant contends Montana's Unfair Trade Practices Act, specifically Mont. Code Ann. § 33-18-242(3), precludes Plaintiffs' claim for violation of the implied covenant of good faith and fair dealing.[2] Plaintiffs respond that Montana law provides for breach of the implied covenant as a contract action.[3] Plaintiffs are correct.

---

[1] Doc. 47.

[2] *See* Doc. 48 at 7.

[3] Doc. 49 at 5.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] In considering the motion, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party."[6] However, a court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.[7]

Under Montana law, "every contract, regardless of type, contains an implied covenant of good faith and fair dealing. A breach of the covenant is a breach of the contract."[8] In most cases, a breach of the implied covenant is "only a breach of the contract and only contract damages are due."[9] "However, a claim may be brought for tortious breach of the implied covenant where a 'special relationship'

---

[4] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *Fleming v Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).

[7] *See Sprewell v. Golden St. Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

[8] *Story v. City of Bozeman*, 791 P.2d 767, 775–76 (Mont. 1990).

[9] *Story*, 791 P.2d at 775.

exists between the parties.[10]

Here, Plaintiffs assert "[t]he Amended Complaint alleges a special relationship contract and a breach of the covenant of good faith and fair dealing contained in that contract."[11] Taking the allegations in the Amended Complaint[12] as true, Plaintiffs have sufficiently pled a breach of the implied covenant of good faith and fair dealing to survive a Rule 12(b)(6) motion.

ORDERED:

Defendant PacificSource Health Plans' Motion to Dismiss Common Law Tort Claim of Bad Faith[13] is DENIED.

DATED this 19th day of February, 2020.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[10] *Puryer v. HSBC Bank USA*, 419 P.3d 105, ¶ 23 (Mont. 2018) (citing *Story*, 791 P.2d at 776).

[11] Doc. 49 at 3.

[12] Doc. 45.

[13] Doc. 47.

3